CHICAGO—FIRST DISTRICT—MARCH, 1917.    527

Bickett Coal & Coke Co. v. John W. Keogh & Co., 204 Ill. App. 527.

Bickett Coal & Coke Company, Plaintiff in Error, v. John W. Keogh & Company, Defendant in Error.

Gen. No. 21,595.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed March 28, 1917. Rehearing denied April 12, 1917.

### Statement of the Case.

Action by Bickett Coal & Coke Company, a corporation, plaintiff, against John W. Keogh & Company, a corporation, defendant, to recover a balance of $260.22 as part of the selling price of ten carloads of coal shipped to defendant. From a judgment for defendant on its set-off for $702.15, plaintiff brings error.

Plaintiff claimed for coal furnished at defendant's request and upon an account stated, which defendant's affidavit of merits denied, and said affidavit stated also that defendant objected to the quality of the coal delivered; that it refused to pay therefor and requested its removal, and that it was not the kind ordered, but of an inferior quality. Defendant's set-off was for money paid for coal and freight, which defendant stated it had to pay before it could get the coal, and defendant stated further it paid immediately thereon to the plaintiff the purchase price of the coal, not then knowing or having means of finding out that it was of an inferior grade and not as ordered and unfit for use; that immediately, upon finding this out, it notified plaintiff it would not accept the coal and requested its removal, and that the amount due defendant from plaintiff for such coal and freight and for unloading of cars was $985.50. Plaintiff's affidavit of merits alleged such freight charges were part of the purchase price of the coal and that all of the coal was of the

quality represented at time the order was taken. Five cars of the coal were shipped to defendant's factory at Soldier's Grove, Wisconsin, and five cars to its factory at East Dubuque, Illinois.

HENRY J. and CHARLES AARON, for plaintiff in error; DOUGLAS C. GREGG, of counsel.

ALDEN, LATHAM & YOUNG, for defendant in error; T. A. SHEEHAN, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 398*—*when affidavit of merits sufficient in action for balance of purchase price of coal.* Defendant's affidavit of merits *held* to set forth sufficient facts to apprise plaintiff that defendant would undertake to show that the coal delivered was not of the grade or quality ordered, in an action to recover the balance of purchase price of the coal.

2. SALES, § 398*—*when statement of set-off sufficient in action for purchase price of coal.* In an action to recover the balance of the purchase price of coal, defendant's statement of claim of set-off *held* to set up a breach of warranty and damages arising therefrom and to sufficiently inform plaintiff of the exact nature of such claim.

3. SALES, § 401*—*when evidence sufficient to show breach of warranty.* The evidence *held* to support a finding that plaintiff sold the coal in question with a warranty and that it broke such warranty.

4. SALES, § 238*—*what constitutes warranty of coal.* Where plaintiff's agent, in obtaining an order from defendant for the purchase by defendant of coal, led the defendant to believe by promises he made to defendant that the quality of the coal would be as good as a certain specified kind and to rely upon such promises, *held* that there was a warranty of the quality of the coal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.